ATON BELLIN Good morning, Your Honors. ATON BELLIN Good morning. ATON BELLIN My name is Aton Bellin. I'm the counsel for all the appellants in these cases. Your Honors, I respectfully request three minutes of rebuttal time. ATON BELLIN All right. ATON BELLIN Thank you very much. Your Honors, in this case, all three district courts made a number of errors. The first error was that they determined that there was no federal question jurisdiction over private TCPA causes of action. ATON BELLIN Well, on that issue, aren't we bound by arena? I know you can argue that arena is wrong and the substantive Supreme Court decisions have amplified and elucidated the underlying question in arena, but there's been no outright reversal of arena at all. I guess you could argue Whitman came pretty close in a different set of facts and Maryland Verizon in a different statute and a different presentation of the issue came close. But they didn't overrule it. So we're left with arena in the finding of no federal question jurisdiction. No one seems to be arguing about diversity. ATON BELLIN No. Everybody agrees that diversity would be appropriate. But I do want to say that I don't believe that the circuit standards or those of other circuits is that the exact issue has to be overruled. In fact, the reasoning of the Erie Court in finding that there was federal jurisdiction was that the words may if otherwise permitted by the laws or rules in the court of the state may be brought in the court of that state was insufficient to confer federal jurisdiction on a district court. Now, the Supreme Court in Verizon and in Whitman specifically ruled that that conferral analysis is wrong and that actually under 1331 there is a presumption of federal district court jurisdiction. How did they handle Taflin? Because that was what Judge Alito, then Judge Alito, was concerned about, that Taflin at the time Erie Net was written mandated a different result. What this Court said about Taflin, again, was relying on the conferral reasoning. This Court said that Taflin did not apply in Erie Net because in Taflin there was a and that therefore the words may be brought in a district court in the RICO statute. I'm sorry, Your Honor. Well, I was going to say, but Erie Net is crystal clear that this statute, which is before us, does not provide for federal question jurisdiction. In fact, it takes it away. Well, Your Honor. I just don't know how. And these other cases, they're all terrific on their facts and on the statutes involved, but they're not our case and they really don't require a different result here. It's not Section 227BG. Well, I won't push the issue any further, Your Honor. There are a lot of other issues to discuss. I will just say, though, that, again, the reasoning of this Court in Erie Net was that the statute did not confer federal question jurisdiction. And here, and that is not the standard anymore. There's a presumption of federal question jurisdiction under 1331. And why do you care if we agree that there's diversity jurisdiction? Oh, the reason that we care is that certifying a class when you have federal question jurisdiction is a lot simpler. You only have to show that there are more than approximately 40 plaintiffs. Now, I don't think we're going to have a problem with that, but that's the reason why we're pushing it. But I'll move on. Judge Garth wanted to ask a question. Go ahead, Judge Garth. Mr. Bellin, we said in Erie Net that there is only the state courts are the only one to hear this issue. Now, if we said that, and that's said flat out, I don't understand unless you are advocating that we go on bank, which we would have to do to change a well-reasoned opinion. Well, again, I won't push that argument any further, Your Honor. I guess my position is should we have to request on bank? We might, but I don't think we're going to need to in this case. What is your best argument, sir? Tell me. The best argument is, Your Honor, that no one disputes that there's diversity jurisdiction for TCPA causes of action. But if we say, Mr. Bellin, if we say that only the state courts, as we have said, have the jurisdiction to hear this matter, where do you go with your diversity jurisdiction? We have said that, and we've said it very clearly, and we've said it a number of times, as a matter of fact, if you read the opinion closely. Well, I have, Your Honor. And, in fact, all of the courts that have held, including the Second Circuit, the Tenth Circuit, and I can't remember off the top of my head the other circuit, that have held that there is, the Seventh Circuit, that have held that there, actually, take out the Seventh Circuit. But to that, you're going to get the response from Judge Garth that we are the mighty third. You are the third circuit, and, of course, you can make. Absolutely right. You are free to make that determination. I would argue that, again, a court, even though I don't agree with this logic, we're going to say that there was no federal question jurisdiction, the logic of the other courts was that 1332 was a different type of jurisdiction and that all the, the Elanette case was specifically limited to, well, it was not limited, but it was about, well, before this court, was about federal question jurisdiction. It did not talk about diversity jurisdiction. And, in fact, you would have an anomalous result if you didn't permit diversity jurisdiction over TCPA causes of action. And that result has been pointed out by the Tenth Circuit. And the Second Circuit would be that if you had a state law that prohibited unsolicited faxes, you could come in on diversity under CAFL or under the regular diversity statute, and the federal court could hear an argument about a state law. But here we have a federal law which, on the same issue, which you'd say then, well, we can't hear that in federal court. It would be odd to say that the state law could be heard in federal court, but the federal law could only be heard in state court. But the answer to that may be go to Congress and tell them to fix the statute. Well, again, I don't think that Congress said that. Again, I pointed out in the brief there are many different interpretations, explanations for what the language may, if otherwise, means. And, in fact, some of the very courts, the Fourth Circuit, which had the first decision in this area in 1997 in international science, specifically said that the may, if otherwise, language means that it gives permission to state courts to opt out of hearing any TCPA actions. In other words, that language has that explanation. It doesn't have to mean that you can't go to state court at all. And, in fact, as Justice Scalia pointed out, in order to say that 1332 does not apply, you would have to say that there is either an explicit or implied repeal of 1332. A state court could do that, a state legislature could do that, no matter what the federal government said. Given the federalism and the nature of it, if the federal government were to decree that state courts were to hear X category of cases and a certain state issued a law that said our courts will not have jurisdiction to hear X category of cases, I don't think the Supremacy Clause would overrule in that situation. Actually, I respectfully disagree, Your Honor. I believe in Felder v. Casey, the Supreme Court case in 1987 involving New York's rule that you had to give notice to New York City 90 days before you brought a case against them, specifically held that that state rule was overwhelmed by the Supremacy Clause. In that case, the plaintiff had not... Isn't that different than I want to get to side track here? But that's a procedural rule, which is different than whether or not a state court has the authority to hear a particular kind of case, not the notice that has to be given under a federal... It would be, Your Honor, it would be violative of the Supremacy Clause for a state court to say, we will not hear RICO cases, we will not hear Title VII cases. They can't do that. You may be right, you may be right. So that's the reason why... The reason the language is in there is kind of out of comedy, so that they are not saying what a state must or must not... Exactly, and even though we think that the legislative history is not really relevant here, I do want to point out that the legislative history itself says, look, we don't want to tell the courts that they have to hear this stuff. So it appears clear to me that that's exactly what that language means, and indeed numerous state and federal appellate courts have held that. Could we move on to another issue? Yes, Your Honor. I'm having great difficulty figuring out why the New York CPLR Section 901 has any relevance when the TCPA clearly says that a person or entity may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state, and this was brought in New Jersey, how we get to New York law at all. I would agree with you 100%. And that takes away a lot of problems. I agree with you 100%, Your Honor. This case was brought in federal district court in New Jersey. Our first position is that Rule 23 applies in any... No, forget that. But putting that aside, you wouldn't get to it. You just don't get to it. You don't get a CPLR 901. Shady Grove says that when you're in federal courts, you apply, you don't, it specifically was on CPLR 901. Well, that's what the statute says. I mean, TCPA says... Right. If otherwise permitted by the laws of a state, bring in an appropriate court of that state, it's New Jersey, so you look at whether it's permitted by the laws or rules of New Jersey. Well, actually, Your Honor, I don't even think that that is correct. I believe that if you're bringing a case in state court, may if otherwise permitted by the laws or rules of the state, bring an action in court of that state. Appropriate court of that state. That state court it's talking about is what I'm saying. It does not tell you that if you bring a case in federal court, that you have to apply state law. Wait, wait, wait. Then you're saying that if there's diversity jurisdiction, that a district court in New Jersey is not an appropriate court of New Jersey? No. What I'm saying is that you could bring the case in federal court under diversity. That language is just there to say that the state courts don't have to hear it if the state says they don't. That's what that language is for. I don't want to make trouble with that. But are you saying an appropriate court of that state is not a district court, a federal court? Because if you are, then you're manifesting, you're saying they're manifested in intent that indeed you must bring it in a state court. Then I won't take that position, Your Honor. I'll move on. The bottom line is, the bottom line is that state, that if any state's law applies here, it's New Jersey's. And New Jersey, if you look at New Jersey choice of law rules, because if you say that that's part of a state law, then under New Jersey choice of law rules, because the class action issue is procedural, under their choice of law rules and under the restatement second, which they follow now since 2008, they would follow their own choice of law rules. They would follow their own class action rules, which under the recent case of Carvel from the Appellate Division in 2009, they don't have any of the problems with the T.C., with statutory damage class actions that some of the other courts seem to have. Why don't we, this is going to be hard because there's not an even number here, but why don't we add nine minutes to Mr. Bell, and then we can add three minutes to each of the opposing counsel. Because there's so many issues here, and we keep saying we're going to move on,  and we move back to something we just moved on from. This is a good law school exam, Your Honor. It is, it's a very good law school exam. So I guess what I'm saying is even if you look to state law, the state law would be New Jersey. The New Jersey courts have spoken clearly. In the Carvel case, just recently decided, where they said that bringing a class action for statutory damages is completely appropriate. They followed the Second Circuit and the Seventh Circuit, which have both said that. They say, both of those courts have said that the question of whether there may be extremely high damages is not a basis for denying class certification. By the way, Your Honor. What about issues of commonality? Well, here's the thing. The appellees make much of the issues of express invitation of permission, i.e. consent, and also established business relationship. A number of answers to that. First of all, for the class that is from August 1st, 2003, received the fax from August 1st, 2006, onward, the regulation 47 CFR 64A3- Define the commonality for the problem. Yeah, they say that it doesn't matter whether the fax is solicited or not. That's the third time period, correct? That's the third time period. That's correct, Your Honor. Then how do you pass muster for the first two time periods? Okay. The first, and that applies to existing business relationship, by the way, in the third time period, too, because it doesn't have the appropriate notice. The first two time periods, the existing business relationship issue did not, exemption did not apply to the first time period, and numerous courts have said so. And to the extent that that, that Your Honors decide otherwise or decide that the, and look to the issue of express invitation or permission, numerous courts, including the Fifth Circuit, have held that if you can show common evidence, that there's a possibility of showing common evidence applicable to the whole class to show that there was not, that there was not explicit invitation or permission. So what would be an example of that? Well, if the defendants had gone out. Mr. Bellin. Yes. Before you give the example, please, I seem to have fallen off the track. I thought we were talking about jurisdiction in this court, and we are now diverting our attention to something completely different. How do you establish jurisdiction here to continue your claim? That's all I want to know. Well, I believe that there's jurisdiction under CAFTA, Your Honor, and I believe that the Erionet case was only talking about whether there was federal question jurisdiction. It was not really. You're arguing in answer to that question. I understand you're not relinquishing the federal question issue under Erionet in the subsequent cases, but you're really pushing diversity just for purposes of getting around the en banc rule. That's correct, Your Honor. I'm pushing diversity, which is an issue that this Court has never decided, and that a number of the courts that decided the way Your Honors did on the federal question issue decided the other way on diversity, saying that their cases on federal question have to be limited to that because of the anomalous result, one of the reasons being the anomalous result. Another thing is, Your Honor, the CAFTA statute was passed in 2005, which is after this Court's decision in 1998, and the CAFTA statute couldn't be clearer. It says that if you fit within their jurisdictional predicates, you've got more than 100 people in the class, you've got more than $5 million worth of damages, you've got minimal diversity, then you satisfy the requirements. And, in fact, the CAFTA statute is so. Well, for a class action. For a class action. You don't have jurisdiction. But the CAFTA is the jurisdictional statute, Your Honors, 1332D. It's saying that the first time the federal courts were given jurisdiction, when there was minimal diversity in class actions and when none of the plaintiffs had more than $75,000 in damages. But there has to be diversity jurisdiction. If you had, if they were all, if plaintiffs and defendants were all of the same state. Yes, that's correct, but that's not the case here. Okay, well, you know, indulge. I'm sorry. He's saying he has a problem believing that Arionet said state is the only one to hear. I understand, Your Honor. What you want us to do, Mr. Bellin, is to follow the Second Circuit and the Gottlieb case which held that there was diversity jurisdiction in this context. That's what you want us to do, isn't it? That's correct, as well as the Eiheier case from the Tenth Circuit. And your remaining arguments are addressing the situation where we would indeed follow Gottlieb. That's correct. If we don't follow Gottlieb. If you decide not to follow Gottlieb, if you say there's no diversity jurisdiction and you decide that you're not overturning your prior decision, then I'm out of luck and I'll have to ask for the en banc or Supreme Court review. Right. So, yes, I am asking you to follow Gottlieb. Exactly. Let me ask you a question about the class. We recently had, I had a case with another panel having to do with typicality, commonality, et cetera. And I'm wondering whether this issue could be resolved here by the definition of the class to include only those who did not have consent, did not consent, and had no business relationship. That's possible. And as I pointed out in my brief statement, this is a very early stage. There is no class certification motion ever made before the judges. They're the judges below. There was actually no discovery even permitted. I mean, that's part of the problem. We didn't get an opportunity to even do discovery. And the judges below dismissed this case on the pleadings, which is a very rare thing for people to do. In fact, you can only do that if you can show that there's no circumstances under which a class could ever be found. And that's simply not the case. But in fairness, they were focusing on the jurisdictional issue. And given that, there's really no class action. Well, not exactly, Your Honor, because what Judge Hayden did and one of the other judges did is say because there's no class action, therefore, there's no jurisdiction under CAFA. Because in order to have jurisdiction under CAFA, you have to show that there's a viable class action. Using the New York law. Well, they used the New York law, which is completely wrong. I mean, well, only one of them did. All three of them did. Clearly, that's wrong in all three cases. In the Skinder case, where the plaintiff is from New York, it's wrong because, again, New Jersey choice of law rules, which would have to be used, would say that you apply New Jersey's procedural law, even if the plaintiff is from another state. And in the other case also. So you want us to say there's diversity jurisdiction. That was correct. Under TCPA, we look at New Jersey law. There's really no problem here with the maintenance of the class action. And Rule 23 does apply. So go back and we vacate the denial of the class certification. We say you didn't look at enough. Give them a chance and go back. That's basically correct, Your Honor. And as this Court has pointed out, if there's an issue with the definition of the classes, again, this is very early in the case. The Third Circuit, Your Honors, have been clear, this Court has been clear that those And as the case develops, and in fact, this case was basically killed in the cradle. It didn't develop at all. And what was odd is that at least one of the judges, I forget which one it was, said that you apply New York law to this, even though the plaintiff was from New Jersey. I mean, I don't think it matters where the plaintiff is, but it can't be both ways. You can't apply New York law when the plaintiff is from New York and New York law when the plaintiff is from New Jersey. But our position is that New Jersey law would apply to all three of these cases if you don't accept our argument regarding Rule 23, that Rule 23 really applies. I just want to, if I may, for one more moment, say that the problem is that the only way that Rule 23 doesn't apply, assuming that we have CAFA jurisdiction, I mean, assuming that we have diversity jurisdiction, the only way that Rule 23 doesn't apply is if you can find that the TCPA either explicitly or implicitly repealed Rule 23. And in fact, that's what Judge Justice Scalia said in his concurrence in the holster matter that was just remanded to the Second Circuit. Now, clearly there's no explicit repeal of Rule 23 or the Rules Enabling Act because the statutes, the TCPA doesn't mention those. In fact, this court in the Hagen case just recently used that same reasoning to say that another statute didn't repeal Rule 20. Well, if the class action rule we'd look to, and I know you don't agree with this, but if the class action rule we'd look to is not New Jersey but New York, then you would have a problem, wouldn't you? Because the TCPA talks about new laws or rules of the court, and if the New York rule would preclude the class certification, then you'd still get a problem. At worst, that would only be in one case. That would only be in the case where the plaintiff is from New York. And again, I don't think that New York law would apply there because New Jersey in choice of law applies its own procedural rules, which is what a class action rule is and which is what the New Jersey Supreme Court has said. Certainly — Or you look at what Justice Scalia said in the concurrence in Holston. Holston, yes. That the concept of maintaining as a class action doesn't mean you can't bring it. You can bring the claim, but it can't proceed as a class action. So it hasn't — it hasn't barred your ability to bring the claim. It just governs how it would be handled in this reading of New York law. I think that Justice Scalia is saying basically that he doesn't think that the state statutes would ever apply. Again, he indeed said that it would be odd to believe that Congress intended to import all state procedural rules into a Federal court. So, Your Honors, I know that the other side has made arguments about Twombly and about Iqbal. Well, according to that — to the argument that you bring in CPR 901, you have to bring in the state of New Jersey's proving standards, not look at Iqbal. And that's the reason why I think it's pretty clear that Congress could never have intended to import state law, because otherwise we wouldn't be talking about the rules of civil procedure. We wouldn't be talking about any of these things. We'd be talking about New Jersey — the New Jersey practice book. And there's also, and I think Scalia said it about the length of paper and requirements about the margin and things like that. Correct, which is — I know this would not have been intended. If Congress had intended such a strange result, they certainly would have been clearer about it. Okay. And if you look at the — if you look at a lot of the State court cases, none of them interpret it that way. There are three — there are three possible explanations for what that — what language may have otherwise been. Before you take us down that path of those three possible explanations, I think you reserve some time. Yes. We gave you some time already, and we want to hear what your colleagues have to say. Thank you, Your Honors. Thank you. Good morning, Your Honors. Good morning. My name is Michael McDonald. I represent the defendant, Skinner Strauss Associates, which is the publisher of the lawyer's diary and manual in the Lantzman case. And because these cases are somewhat different, I'd like to just put our case in some perspective. By asking, really, a rhetorical question, which demonstrates that the judgment below should be affirmed. And that is, why did this New York plaintiff file a class action law suit in New Jersey Federal District Court? The plaintiff is a New York City law firm, received a facsimile at its New York City law office from the New York Lawyer's Diary, which was advertising space in a portion of the New York Lawyer's Diary. Twenty-four hours later, the law firm traveled to New Jersey to file a class action lawsuit. So the question is, why New Jersey? Why not New York? And the answer, I think, lies in Section 227B3, which I think is the statute which really resolves this issue for this court. The reason is because plaintiff's class action lawsuit was not permitted by the laws or rules of court of the state of New York. So therefore, a plaintiff traveled to New Jersey and filed a lawsuit in New Jersey seeking to apply a different state's law. And it's clear in the plaintiff's case. How does that help you? Yeah, it doesn't mean where's the beef, as you used to say. So what? If the statute allows it, so what? I don't understand the question. Why does that mean the dismissal was proper? I mean, if you're saying they're in New Jersey, fine, they're in New Jersey. Otherwise permitted by New Jersey law, you can bring the action. What I'm saying is the plaintiff traveled to New Jersey to avoid the effect of New York law, which applied to this case. Why don't we get to the jurisdictional issue that Erie Nett presents to the plaintiff? And he has made argument for the last, I think, more than 15 minutes, I can't tell, why Erie Nett is wrong. Well, we've divided the time, and my colleagues will address the question of federal question. It's our position that Erie Nett is correct and really controls this case. It controls this case for a number of reasons. The first is that there is no federal question jurisdiction. And as Your Honor pointed out earlier this morning, the court was very clear in its decision and in fact several times stated that the intent of Congress was that these cases were to be referred to state court and that the matters were to be handled by state court. So given the court's ruling, it would be a clear conclusion that diversity jurisdiction is not permitted either by that decision. Why is that? Why is 1332 automatically subsumed by ruling in 1331? I'm not sure it was automatically subsumed, Your Honor. If you preferred this in a way that your colleagues were going to handle this, then you can deflect that question if you want. I will deflect it to my colleagues, but I will say that given the authority of this court in Erie Nett, it was very, very clear that the interpretation of Section 227b3 was that Congress intended that these matters be handled by and referred to the state courts, which is why in looking at the statute and analyzing the question of jurisdiction in the Lansman case, the question is whether the claim here is permitted under state law. The rules of court or the laws of the State of New York. And that is because the plaintiff is a New York plaintiff. The plaintiff argued below that New Jersey law applied naturally. On this appeal, the plaintiff ---- I mean, I'm reading 227b3. A person or entity may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state. And if it's brought in New Jersey, we have to look at whether it's otherwise permitted by the laws or rules of New Jersey. How do you get around that? Well, you know, I think that's an interpretation that the plaintiff is advocating because of the clear intent to form shop here. And I can't imagine that ---- No, I'm saying how do you, when you're bringing this substantive claim based upon this law, this statute, this federal statute, how do you say that if otherwise permitted by the laws or rules of court of, how can he possibly insert New Jersey in there? How could he insert New Jersey? How can you? When it then says bring in an appropriate court of that state. This wasn't brought in New York. It was brought in New Jersey. So you have to look at the rules of court of New Jersey. And what about those rules or laws that prevent him from bringing it in New York? Well, other than the form shopping, it seems to me Congress invited form shopping. Congress didn't care where you brought it. Well, plaintiff made a very interesting argument below, which he has abandoned on appeal and, in fact, argues something different. So on appeal now plaintiff is arguing that there's really no choice of law question and that the issue is that this statute, as your Honor has just suggested, mandates that the foreign law applies. And that's not a position that was taken below. The position taken below was that the court must conduct a choice of law analysis. And because the plaintiff is disappointed that the choice of law analysis resulted in the court finding that New York law applied, there's a different position being taken now. It's our position respectfully, Your Honor, that Congress did not intend in this statute to suggest that a party can go leapfrogging from state to state to find a jurisdiction that's most advantageous to the plaintiff's claim. But Congress didn't really care. It said if you bring an action somewhere. In state court. Well, it says an appropriate court of that state. Understood, Your Honor. And I think if you look at the legislative history of the act, which this court in Erionet considered, the court was very clear that that portion of the statute meant to refer that these cases were intended to be filed in small claims courts. Not in federal district courts. Well, the small ones, sure. The penny everybody who wants individually to file. But if you've got over $75,000 worth because you've got 200 people, then a federal district court would be quite appropriate. Again, Your Honor, because this statute directs that the matters be referred to state court, it's respectfully our position that is the Congress was asking the courts to make sure that these actions are filed in a state court, not any particular state court that the plaintiff finds might be most advantageous. But as long as that court that they find would be most advantageous will entertain the suit, there's nothing in the TCPA that precludes that. They could have said where the faxes originated from. They could have said in any court of the laws of a state where the faxes were received, but they didn't say that. Is that in any court where the rules or law of that state would allow the suit to be brought? That's assuming, number one, that there is diversity of jurisdiction to start with, and it also I need to point out I'm not aware of any decision by the federal district court or circuit court of appeals which has interpreted this section of the statute to mean that the law of the forum state governs, as opposed to the law of the state which would apply given a choice of law analysis. Maybe the issue we have here is what the word of means. Appropriate court of that state or appropriate court in that state. I'm just trying to think. When I'm asked to perform a wedding ceremony and have to construe whether a judge of a court of that state or in that state or, oh, my. Never mind. We won't consider that as part of your time, but I think your time is up. Anything further? Anything further for this gentleman, Leonard? Not me. Thank you. Thank you. Good morning, Your Honors. Good morning. My name is Jay Green. I'm here on behalf of AFCO Mechanical Services Incorporated. Just following up on one of the last points that my colleague made. Are you the designated jurisdictional guru? I'm the designated, not federal question. We're going to have one more pass on the federal issue. I'm the designated Rule 23 and diversity jurisdiction issue. Mr. Green, before you get on, if we determine that IRINET is good law in this state, what do we have to do with Rule 23? Anything? I would submit that you don't have to do anything, Your Honor. I mean, right in the last sentence of IRINET, this court held, Congress intended to refer private litigants under the TCPA to state court. So I would say nothing, but I would say even if you did apply Rule 23, that Judge Martini, in my case, did not abuse his discretion in dismissing the class claims. Thank you. Thank you, Your Honor. Yet there was absolutely no discovery. Was there a motion for class certification here? There was not, Your Honor. There was a motion to dismiss and strike. How can you deny a class certification when there hasn't been a motion made? Well, Judge Martini made specific findings that discovery would make absolutely no difference in this case and did cite to some case law, and even in the hydrogen peroxide case. Some of the reasoning for that, it seems to me, that they tried to define a class, some of the classes in a way to avoid that. One of the things that initially bothered me was the issue of commonality and notice and pre-existing business relationship, but the classes are defined in such ways that that's not really a problem. Well, I think I would submit that it is a huge problem, Your Honor, because both under 23A, the typicality issue, as well as the predominance issue, both consent and established business relationship are, I think, significant hurdles. First, as far as the consent issue, as Judge Giles found in the Forman case, and with the same reasoning in the New Jersey case law site in my brief, there would need to be a determination made as to individual issues with respect to each prospective class member to determine if they had provided consent to be faxed. For all three classes? Well, that raises a lot of issues here, Your Honor. Sure. As far as all three classes, the first two classes are non-starters as far as I can see because, in my case, the plaintiff only alleges to have received two pieces of paper, two faxes that he received in 2007 and 2008. The proposed Class A and Class B both predate those faxes. Certainly, one needs to be a member of the class to be a representative of it. So I'd submit that Class A and Class B are non-starters. He's not even a proposed member of those classes. Can you cite another case, and maybe there are several, where this procedural situation has occurred, and that is 12B-6? It's 12B-1 and 12B-6, Your Honor. 12B-1 and 12B-6, where a case was dismissed based upon a class certification issue with no motion having been made? Well, Your Honor, in the United States Supreme Court case of General Telephone, Company of Southwest v. Falcon, the court simply said that sometimes you might need discovery, but sometimes you can make those decisions on the pleadings. Well, it's not a matter of discovery. It's a matter of no motion having been filed. Oh, oh. The issue is not actually before the court. Well, it is before the court. The Levine case, the appellate division in the Superior Court in New Jersey, Your Honor, the defendant moved to strike the class allegations without a motion for class certification being filed. In the state court. That is in state court, Your Honor, yes. Under the rules, the motion is supposed to be a broad edit. I don't have the exact language, but it's as early as practicable, something along those lines. And if the plaintiff doesn't go ahead and do that, it's certainly the defendant's prerogative to move to strike those allegations. But it seems you have a kind of an eerie net. The issue was not squarely presented, and you're saying there it nonetheless could have been decided. Here you're saying the issue was not squarely presented, i.e., class certification, but it could have been ruled. I'd submit that it was presented. It was in his complaint. We argued in the lower court that no matter what happened in discovery, that the established business relationship issue, which I still haven't fully fleshed out here, and consent would prevent a class from being certified. But how about, you know, defining the class in such a way that the class would only include those who had not consented and had no business relationship? Your Honor, I'd submit that there's no way that a class action could be the superior form for such a proceeding. As a practical matter, consent can be provided orally. Somebody may have walked into my client's heating and air conditioning shop. Someone may have walked in and bought some heaters and paid cash. How would the court ever determine who's a member of that class without having individualized hearings? Well, they could file an affidavit. It's a lot easier than the situation where you've got to figure out every bit, you know, of relationship, you know, with a car and, you know, what you did with the car. It's just it seems to be affidavits could be filed. Well, Your Honor, I would submit that we'd have an opportunity to oppose those. I mean, if there were, in fact, thousands of alleged class members, that would be a protracted process. And I'd submit that as the court found an earring net that if someone's offended by a fax or feels like they've been damaged by that fax, that they can go to small claims court and make their claim, not lose attorney's fees, and that that's the proper form. The issue on commonality and typicality is not, gee, are there any individual issues. It is whether the common issues predominate. And here, isn't it the sending of these faxes? I would submit no. I agree with what Judge Giles had to say in the Foreman v. Data Transfer case, that the basic issues here are individualized issues that are short. I mean, there are allegations that faxes went out. But in order to even determine who's a member of the class, you know, I think he put, you know, over 10,000 or something like that. So how many people are going to have consented and have a business relationship? I mean, that's the small percentage. You can't imagine that that's not part of the claim. That's something that would accept out a few people. Your Honor, I don't think it necessarily matters if it's 1% or 1% or 30%. You have to go through this process. If the qualification was, you know, someone with a fax machine that, you know, is involved in interstate commerce, you know, that's part of the claim so that every individual would have to show that to qualify as compared to this, you know, accepting out those few who may have consented. Again, Your Honor, I would submit that whatever the number is isn't really the issue, that the issue is the process that you would have to go through in order to determine that. It's a predominance. It's a predominance. Well, right, but I don't believe that the percentage of people who have an established business relationship or consent is the predominant issue. I think the predominant issue is who, the process you have to go through in order to determine who had provided consent. The predominant issue is what did the defendants do? Judge, do you have a question? Your Honor, yes. I just had a question that if we do not find jurisdiction in this court, what difference does it make? Why should we consider any of the argument, and I'm not depreciating your argument, but why should we consider any of the issues that you're now raising if there's no jurisdiction? I don't understand. This came up here as a jurisdictional issue. I'm not hearing anything from you about jurisdiction. I agree. I agree with you, Your Honor. If there's no jurisdiction, the analysis under Rule 23 wouldn't make any difference, but I have to argue the issues in case the court doesn't agree. Because you have the orders of the argument reversed. I think the next gentleman is going to address jurisdiction, so we're ‑‑ Okay. I'll wait with bated breath. Okay. Just one last point. Thank you, Mr. Block. I know my time is up, but just one last point to respond on the established business relationship issue. It was codified in 2005. Clearly it applied to the facts as at issue here, and in fact applied earlier than that pursuant to the FCC regulations. Thank you, Your Honor. Thank you. Mr. Block, talk about it flowing downhill. Yeah. I didn't realize I was going to be the key person here today. Good morning, Your Honors. My name is David Block. I represent Flyer Wire Inc., which is doing business as Shine Media. I intend to say ‑‑ Interesting name for your company given the faxes they send out. Shine. Shine Media. Yeah, and I intend today to discuss the issue of federal question jurisdiction, and specifically Erie Net and how that court dealt with the federal question issue. How about diversity? Mr. Block, you would do me a big favor if you would focus on the one aspect that your friend on the other side has brought up. He said, well, maybe Erie Net says that there's no federal question jurisdiction. Maybe Erie Net says all of those things, but it doesn't deal with diversity jurisdiction. I'd like to know why we should consider diversity jurisdiction 1332 as a basis for jurisdiction here, even though Erie Net doesn't specifically mention it. Would you address that? I'll try, Your Honor. In Erie Net, the issue dealt primarily with the federal question issue. However, the logic of that decision applies equally as well to the diversity argument as well. In that case, I believe, Your Honor, this panel addressed the statute and determined by the plain language of the statute as well as the intent of Congress and the sponsor's statement, for example, that Congress intended for these actions to be brought in state courts. And I know Mr. Green referred to the last line of Erie Net where they reflected that fact as well. But the issue before the court in Erie Net was not jurisdiction of any kind. It was clearly federal question jurisdiction. And that's what our holding was. There's no federal question. So don't we have an open question at least as to diversity? I would agree, Your Honor. Absolutely, there's no question that Erie Net primarily dealt with the federal question issue. So if we have an open question as to diversity, how can we determine that indeed the statute banned diversity jurisdiction or deprived someone of coming into court based on diversity? Especially in lieu of CAFA. I would argue, Your Honor, that the court would do so by the same way they analyzed the statute in Erie Net. By section 227 where it referenced bringing an action in. And, again, we're talking about of or in. What of means. And that issue as well. And I think in that regard it's helpful to look at the sponsor statement where Senator Hollings explicitly stated in there that, well, I can't tell the states where to put these cases. I would hope they go in the small claims courts. So I think based on that language and the intent of Congress, was that while they couldn't tell the states where to put it, that they intended to go in the states. Well, there's no doubt. But if I am aggrieved and I really want this stopped, I hopefully can go into state court and get it stopped. And Congress didn't want the federal courts to be bothered with these. But if you can have so many people with adding up to $75,000 by virtue of amassing all these claims, you know, where do we find the intent that, oh, by the way, if we've got a major class claim here, you know, even those can't come into federal court even if there's diversity. How do we find that? Even if they meet the prerequisites of CAFA. Sure, sure. Well, Congress, in order to deal with those issues, did permit states to bring actions in federal courts. And they determined that if this issue was so significant that there was a situation where there was a blast faxing scenario, and there are horror stories which were mentioned in the briefs where, you know, 1,500 faxes were received in a day period or hospital room, emergency rooms were inundated by faxes. But that was for injunctive relief. That was for injunctive. But you also could states get nominal damages for individuals? Well, they can get injunctive relief. And that was to stop those issues. I don't think there's – Did you add a nominal? That's mentioned in some of the opinions. If a state sues, it comes into federal court to seek redress for a federal statute. But if an individual sues on his or her own behalf, they have to go into state court to rectify the very same right under the very same federal statute. That doesn't seem like a weird result to read into the statute? I don't believe it is, Your Honor. I mean, Judge Rendell brought up the situation where we have – and I don't want to not answer your questions. If I don't, please stop me. But Judge Rendell brought up the issue of why you have such an egregious situation where there are, you know, $75,000 or $5 million worth of faxes. And I think it's important to underscore that none of the defendants in this case, I think it's fair to say, are those type of entities that are involved in sending out thousands of faxes. When we have our three relatively small businesses who sent out one or two faxes and are being hauled into federal court with a naked assertion that there's 10,000 faxes. And I know, at least in my case – Well, it's actually a $5 million standard under CAFA. So we have a situation, and I know from at least my own personal case, that there's no way that number – and we didn't get to that issue, but I think it's important to note that my client and other clients are being hauled into under a naked assertion of a certain number of faxes. Do we have to address that jurisdictional aspect as well? No, no. I don't think so. But I'm just pointing out the issue in terms of what the great harm is here and what Congress intended. And going slightly off of Conor's question. No, but seriously, we need to address jurisdiction, whether it's brought up or not. And if there is no jurisdiction under a diversity situation where CAFA applies, don't we have to examine that? Or shouldn't the district court have examined that? Well, I think in my case, Judge Sharon relied upon both of the other judges' opinions. And in respect to Judge Martini's opinion, he looked into the issue, and whether there was or not a class motion in the case before Judge Martini, he did look at the issues as to whether there would be commonality and things of that nature under Rule 23. It would seem you would want us to look at that. If you say that this doesn't work under CAFA, let's assume that we say that this is fine, this diversity is fine under ARINET and New Jersey law applies and we've got Rule 23. So arguably it was an abuse of discretion to certify the class. I'm surprised you're not arguing but there really isn't diversity jurisdiction because it doesn't meet the CAFA requirements as to your judgment. Well, Your Honor, the complaint itself sets forth, as my colleagues have mentioned, three separate classes. And like the other case, my client only could meet one of those three classes. But there's nothing else in the complaint that breaks down the 10,000 members and which of the three classes they each are involved in. I mean, the issue was briefed below. We need to resort to that. But if it goes back, that would have to be looked at. Yes, certainly. Judge Garth, anything else? Only a few issues. Okay. Our heads are spinning. As are mine, at least. Okay. Mr. Blank, thank you very much. Thank you, Your Honor. All right. Thank you. And I want to make reference to something that we've all haven't seen and we haven't referred to. That is, the Supreme Court in Holster, Judge Rendell, as you pointed out, every court has an independent obligation to determine whether it has jurisdiction over a case. The Supreme Court case in Holster, they didn't say they didn't have jurisdiction. In fact, they remanded the case back to the Second Circuit. The Supreme Court had an independent obligation to determine whether it had jurisdiction. They never said we didn't have it. They never had a problem with it. It was based on diversity. Apparently, the Supreme Court felt that that was fine, and they sent it back to the Second Circuit. They didn't say, Second Circuit, you have no jurisdiction. That was a diversity case. So I would, my position is that the Supreme Court actually has, not so sub salientio, already said that there is, there can be diversity jurisdiction under CAFA. Otherwise, they never could have remanded the case back to the Second Circuit. They would have said there is no jurisdiction. Now, on to the common proof issue, and I didn't get to give this example. There have been cases, among the cases that we cited in our briefs, are cases where entities have gone out and purchased fax lists, nothing to do with their preexisting customers, nothing at all. They go to an entity that provides fax lists. Nor are these mailing lists that are used continuously by different companies, and they send them out. Now, there's been no discovery in this case. That's why we need discovery. Even assuming, and I don't assume it for the third class, but even assuming that the issue of consent and prior business relationship were an issue for the first two classes, okay, even assuming that was the case, we could show during discovery, we could potentially show during discovery, as have other court, other plaintiffs in other cases, that these guys went out and bought a fax list, nothing to do with their customers. And in those types of cases, the Fifth Circuit, the Missouri Appellate, I believe it was the Missouri Appellate Court and other district courts in the Northern District of Illinois have said, that's right, you have common proof. So this is all very premature. The issue of whether this. So you show that those do not predominate. That's correct. And we didn't have any opportunity to do that. We had none. We never made a motion. And why didn't we make a motion? They didn't even answer. Everybody just filed a motion to dismiss. So we don't even have a denial and an answer that they sent out 10,000. And by the way, as to the 10,000 assertion, there is, no one has said, no one has come out affirmatively in any of their papers and say that that is, that that's not correct, number one. Number two, again, we've had no discovery. There's been no obligation to, really. Well, we assert, we assert that there were more than 10,000. Let's take an example. As you just said, you didn't get to the point of responsive pleading that would have forced them to admit or deny that. That's correct. And there was no discovery either. So for them to say now, well, he's just asserting 10,000, well, that's what you do in a complaint. There's no other way to say that you have capital jurisdiction other than to say, in this case, that there were more than 10,000 faxes sent out. And indeed, Skinner-Strauss case was a lawyer's diary and manual. Now, I think it's very plausible, and that is the standard under Twombly and Iqbal. Under these set of circumstances, it's very plausible that Skinner-Strauss sent out 10,000. There are 50,000 members, or more than 50,000 members of the New York State Bar Association. Or all the lawyers. I have a lawyer's diary manual. I don't know if they'll send it to me anymore. But if you look at the list, there are thousands and thousands of lawyers listed there. You may not be listed anymore. I may not be listed anymore, either. But what I'm saying is that it's completely plausible. And the final thing, Your Honor, is that we did preserve, in the Skinner-Strauss case, the choice of law issue. We specifically talked that New Jersey treats, before the district court, not on a motion for reconsideration, even before that, in a letter in response to a new New Jersey decision, PV v. Camp JC, which changed the rules in New Jersey, we specifically said that the secondary statement says that if it's a procedural rule, New Jersey choice of law rules would say you apply New Jersey procedure. Where he gets New York from, I don't know, because in the New Jersey choice of law rules, it would be New Jersey. Sotomayor Do you believe that the phrase appropriate court of that State limits to State courts? Carvin Absolutely not. And I don't see, I haven't seen, I haven't seen any court say that. No court has ever said that. I don't believe that at all. And, indeed, you'd have, if their argument was to prevail, again, you'd have this strange situation where you'd have State anti-fax class actions and could be brought in Federal court. And under Shady Grove, any limitation of the State class action rules wouldn't apply in Federal court. But a Federal statute would only work in State court. That doesn't make any sense. The notion that Congress intended all State procedure rules, because there's no basis, not put forth any, to limit the importation of the rules to class actions. It could apply again, as Your Honor, as Chief Judge McKee pointed out, the size of the paper, the color of the briefs, the pleading standards under the State rules. That would be incredible. Congress has never done that before. And if Congress intended to do that, it would have specifically said so. Thank you, Your Honor. Roberts Thank you very much, counsel. This would be a helpful case, I think, to get a transcript, not to suggest a transcript would help. I'm not sure anything would help other than Congress clarifying PCPA, perhaps. But it would make it a little bit easier for us to keep track of it. So we're going to take a brief break. And if our counsel could just confer with Ms. Williams, he can, if you're not already familiar with it, he can work out with you how to go about getting the transcript. Thank you, Your Honor. Just give him about five minute recess. We're going to recess for five minutes, Leonard. Thank you.